**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony J. SANDERS, Defendant–**
**Appellant.**

**No. 08–16301**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 23, 2009.

Anthony J. Sanders, Coleman, FL, pro se.

Kathleen M. Salyer, Anne R. Schultz, U.S. Attorney's Office, Dawn Bowen, Miami, FL, for Plaintiff–Appellee.

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Anthony J. Sanders, a federal prisoner convicted of a crack cocaine offense and sentenced as a career offender, appeals the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. Sanders based his motion on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Be-

cause Sanders was sentenced as a career offender under U.S.S.G. § 4B1.1, Amendment 706 did not have the effect of lowering his guideline range, as required for relief under 18 U.S.C. § 3582(c)(2). As a result, we affirm the district court's denial of Sanders's motion.

## I. BACKGROUND

In 2001, Sanders pled guilty to one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Sanders's base offense level was 30 pursuant to U.S.S.G. § 2D1.1. However, Sanders was also classified as a career offender under U.S.S.G. § 4B1.1 because he was at least 18 years old at the time of the instant offense, the instant offense was a felony drug offense, and Sanders had at least two prior felony convictions for controlled substance offenses. Since the statutory maximum term of imprisonment for a violation of 21 U.S.C. § 841(a)(1) is 40 years imprisonment, the career offender guideline requires a base offense level of 34. *See* U.S.S.G. § 4B1.1(b). Sanders then received a downward departure of three levels for timely acceptance of responsibility, resulting in a total offense level of 31. Sanders's sentencing range was 188 to 235 months of imprisonment, and the district court sentenced Sanders to 188 months.

## II. STANDARDS OF REVIEW

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir.2008).

## III. DISCUSSION

A district court may modify a sentence "in the case of a defendant who has been sentenced ... *based on* a sentencing range

that has subsequently been lowered by the Sentencing Commission ...." § 3582(c)(2) (emphasis added). In such a case, the court may reduce the defendant's sentence after considering applicable § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction is not consistent with applicable policy statements and is not authorized if the retroactive amendment does not have the "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The retroactive amendment at issue here is Amendment 706, which reduces the base offense levels for crack cocaine offenses sentenced under U.S.S.G. § 2D1.1.

Sanders concedes that this Court previously decided the issue on appeal in *United States v. Moore*, 541 F.3d 1323 (11th Cir.2008), *cert. denied, McFadden v. United States*, — U.S. —, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), and *cert. denied*, — U.S. —, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009). *Moore* involved several defendants convicted of crack cocaine offenses who were sentenced under the career offender guideline § 4B1.1. In *Moore*, we held that a defendant whose original sentence was based ultimately on something other than the offense level calculation under § 2D1.1, such as the career offender guideline section of § 4B1.1, cannot receive a sentence reduction because Amendment 706 does not have the "effect" of lowering the applicable guideline range. *Moore*, 541 F.3d at 1327–28. That is, a defendant cannot obtain relief under § 3582(c)(2) if his sentence was based on the career offender guideline because Amendment 706 would not have reduced his sentence. *Id.* at 1330.

Sanders's conviction was based ultimately on the career offender guideline, rather than the offense level calculation under

§ 2D1.1. A career offender's base offense level is determined with regard to the statutory maximum sentence for the offense of conviction. U.S.S.G. § 4B1.1. Therefore, Sanders offense level was based on § 4B1.1, which calculated a base offense level of 34 after taking into regard the statutory maximum sentence for Sanders's offense of conviction. Consequently, Amendment 706 to § 2D1.1 does not have the effect of lowering Sanders's sentencing range, and the district court could not reduce his sentence.

Sanders argues that *Moore* was decided wrongly. He asserts that regardless of whether the career offender guideline range was affected by Amendment 706, the district court must still consider § 3553(a), which requires that certain factors be taken into account in imposing a sentence on a defendant. However, § 3582(c)(2) does not give a district court unfettered authority to reduce a defendant's sentence. Instead, the court must determine the amended guideline range that would have been applicable to the defendant if Amendment 706 had been in effect at the time Sanders was sentenced. U.S.S.G. § 1B1.10(b)(1). A court shall only substitute the amendments that have been listed for retroactive application and "shall leave all other guideline application decisions unaffected." *Id.* If the application of a retroactive amendment did not have the effect of lowering the defendant's sentencing range, then the district court has no jurisdiction to reduce a defendant's sentence. Therefore, the district court could not analyze the factors under § 3553(a) unless it first determined that Amendment 706 had the effect of lowering the defendant's sentencing range. *See* § 3582(c)(2).

In *Moore*, we explicitly held that Amendment 706 did not have the effect of lowering a defendant's applicable guideline range if the defendant was sentenced as a career offender under § 4B1.1. *Moore*, 541 F.3d at 1325. *Moore* remains valid authority for a defendant sentenced under the career offender guideline. We may "depart from a prior panel decision based upon an intervening Supreme Court decision ... if that decision actually overruled or conflicted with it" or if, sitting *en banc*, we overrule the decision. *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir.2004) (quotation omitted).

Sanders did not qualify for the Amendment 706 reduction because he was a career offender, and the district court did not need to consider the § 3553(a) factors because it lacked the authority to grant any reduction. We may not depart from *Moore* because it has not been overruled by the Supreme Court or by this Court sitting *en banc*.

**AFFIRMED.**